UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HALL, | 1:14-cv-01890-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO CONSOLIDATE CASES |
| vs. | (ECF No. 13.) |
| MARLENE ROBICHEAUX-SMITH, et al., | |
| Defendants. | |

## I.  BACKGROUND

Plaintiff Matthew Hall, a state prisoner proceeding pro se, filed this civil action in Kings County Superior Court on July 10, 2014, and it was removed to federal court by defendants Robicheaux-Smith, Graves, and Clark on November 25, 2014.  28 U.S.C. § 1441. Plaintiff seeks relief, in relevant part, for the violation of his rights under the First Amendment of the United States Constitution at California State Prison-Corcoran (CSP).  42 U.S.C. § 1983.

On June 17, 2015, Plaintiff filed a motion to consolidate this case with pending cases 1:14-cv-01780-LJO-GSA-PC, Sands v. Smith, et al.; 1:14-cv-01920-LJO-GSA-PC, Feiger v. Smith, et al.; 1:14-cv-01987-LJO-GSA-PC, Hauseur v. Smith, et al.; and 1:14-cv-02002-LJO-GSA-PC, Thomas v. Smith, et al.  (ECF No. 13.)  Defendants have not filed an opposition.

**II.    CONSOLIDATION OF CASES – RULE 42(a)**

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all of the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on the motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case.  See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977).  The decision whether to consolidate cases rests in the trial court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993).  In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

**B.    Plaintiff's Motion**

Plaintiff moves to consolidate this case with pending cases 1:14-cv-01780-LJO-GSA-PC, Sands v. Smith, et al.; 1:14-cv-01920-LJO-GSA-PC, Feiger v. Smith, et al.; 1:14-cv-01987-LJO-GSA-PC, Hauseur v. Smith, et al.; and 1:14-cv-02002-LJO-GSA-PC, Thomas v. Smith, et al.  Plaintiff argues that all of the complaints in these cases, are similar in nature and share claims with this case concerning the serving of non-Kosher meals to Jewish inmates and denial of religious services.

**C.    Discussion**

All of the cases Plaintiff seeks to consolidate have been related, pursuant to court orders, under Local Rule 123 to case 1:14-cv-01780-LJO-GSA-PC, Sands v. Smith, et al., due to the same underlying facts and overlapping questions of law and fact.  (Court Record.) Further, all of the cases have been assigned to the dockets of District Judge Lawrence J. O'Neill and Magistrate Judge Gary S. Austin, in the interest of judicial economy.  L. R.

123(a)(4). All of the cases arise from the same or similar events at CSP, allegedly occurring when all of the plaintiffs were incarcerated there. All of the plaintiffs claim that their rights to practice their religion were violated, under the First Amendment.

While it is true that all of the subject cases arise from similar events at CSP during the same period of time, each of the cases was filed by a different plaintiff. Joining these plaintiffs together in one case would result in delays and prejudice to the defendants. In the court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Here, Plaintiff Hall has acknowledged that many of the plaintiffs have already been transferred to other facilities, away from each other. (ECF No. 13 at 1:25-26.) Therefore, Plaintiff's motion for consolidation shall be denied.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for consolidation of cases, filed on June 17, 2015, is DENIED.

IT IS SO ORDERED.

Dated: __**July 19, 2015**__                    __/s/ Gary S. Austin__
                                         UNITED STATES MAGISTRATE JUDGE